

DEFENDANT'S EXHIBIT
A

**2.85D**   PATTERN JURY INSTRUCTIONS

## 2.85D

### SEXUAL EXPLOITATION OF CHILDREN—RECEIVING OR DISTRIBUTING CHILD PORNOGROPHY
### (VISUAL DEPICTION OF ACTUAL MINOR)
### 18 U.S.C. § 2252A(a)(2)(A)

Title 18, United States Code, Section 2252A(a)(2)(A), makes it a crime to knowingly receive [distribute] any child pornography that has been mailed or, using any means or facility of interstate [foreign] commerce, shipped [transported] in or affecting interstate [foreign] commerce by any means, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly received [distributed] an item or items of child pornography, as alleged in the indictment;

*Second*: That the item[s] of child pornography had been mailed; and

[*Second*: That the item[s] of child pornography had been shipped [transported] in or affecting interstate or foreign commerce by any means, including by computer; and]

*Third*: That when the defendant received [distributed] the item[s], the defendant knew the item[s] was [were] [contained] child pornography.

To "receive" something means to knowingly accept or take possession of something. Receipt does not require proof of ownership.

[To "distribute" something means to deliver or

**SUBSTANTIVE OFFENSE INSTRUCTIONS**  **2.85D**

transfer possession of it to someone else, with or without any financial interest in the transaction.]

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You

**2.85D**  PATTERN JURY INSTRUCTIONS

may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

### Note

*See* Note following Instruction No. 2.85C, 18 U.S.C. § 2252A(a)(1), Sexual Exploitation of Children–Transporting or Shipping of Child Pornography.

The term "computer" is defined in 18 U.S.C. § 1030(e)(1).

The term "child pornography" is defined in 18 U.S.C. § 2256(8).

The term "minor" is defined in 18 U.S.C. § 2256(1).

The term "sexually explicit conduct" is defined in 18 U.S.C. § 2256(2).

Intent to distribute is not a required element in a "receipt" case. *See United States v. Olander*, 572 F.3d 764, 770 (9th Cir. 2009); *United States v. Watzman*, 486 F.3d 1004, 1009–10 (7th Cir. 2007).

The Fifth Circuit has held that possession of child pornography is not a lesser-included offense of distribution of child pornography. *See United States v. Woerner*, 709 F.3d 527, 539 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 990 (2014).

In some circumstances, downloading images and videos containing child pornography from a peer-to-peer network and storing them in a shared folder accessible to other users on the network may amount to "distribution" under 18 U.S.C. § 2252A(a)(2)(B), even in the absence of proof that anyone else accessed the files. *See United States v. Richardson*, 713 F.3d 232, 236 (5th Cir. 2013).

For a discussion of whether a person "knowingly receives"

SUBSTANTIVE OFFENSE INSTRUCTIONS            2.85D

child pornography, see *United States v. Pruitt*, 638 F.3d 763, 766–67 (11th Cir. 2011).

When a defendant is charged with receiving or distributing child pornography, each separate receipt or distribution violates the statute. *See United States v. Planck*, 493 F.3d 501, 505 (5th Cir. 2007).

Use the definitions of "Knowingly," "Interstate Commerce," and "Foreign Commerce" in Instruction Nos. 1.37, 1.39, and 1.40, respectively.

**2.85E**           PATTERN JURY INSTRUCTIONS

## 2.85E

## SEXUAL EXPLOITATION OF CHILDREN—RECEIVING OR DISTRIBUTING MATERIAL THAT CONTAINS CHILD PORNOGRAPHY
## 18 U.S.C. § 2252A(a)(2)(B)

Title 18, United States Code, Section 2252A(a)(2)(B), makes it a crime to knowingly receive [distribute] any material that contains child pornography that has been mailed or, using any means or facility of interstate [foreign] commerce, shipped [transported] in or affecting interstate [foreign] commerce by any means, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly received [distributed] material that contained child pornography, as alleged in the indictment;

*Second*: That the material containing child pornography had been mailed; and

[*Second*: That the material containing child pornography was shipped [transported] in or affecting interstate [foreign] commerce by any means, including by computer; and]

*Third*: That when the defendant received [distributed] the material, the defendant knew it contained child pornography.

To "receive" something means to knowingly accept or take possession of something. Receipt does not require proof of ownership.

**SUBSTANTIVE OFFENSE INSTRUCTIONS**     **2.85E**

[To "distribute" something means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction.]

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition

requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

### Note

*See* Note following Instruction Nos. 2.85C and 2.85D for 18 U.S.C. §§ 2252A(a)(1) and 2252A(a)(2)(A), respectively.

Use the definitions of "Knowingly," "Interstate Commerce," and "Foreign Commerce" in Instruction Nos. 1.37, 1.39, and 1.40, respectively.

In some circumstances, downloading images and videos containing child pornography from a peer-to-peer network and storing them in a shared folder accessible to other users on the network may amount to "distribution" under 18 U.S.C. § 2252A(a)(2)(B), even in the absence of proof that anyone else accessed the files. *See United States v. Richardson*, 713 F.3d 232, 236 (5th Cir. 2013).

SUBSTANTIVE OFFENSE INSTRUCTIONS      2.85F

## 2.85F

## SEXUAL EXPLOITATION OF CHILDREN—POSSESSING OR ACCESSING CHILD PORNOGRAPHY
## (VISUAL DEPICTION OF AN ACTUAL MINOR)
## 18 U.S.C. § 2252A(a)(5)(B)

Title 18, United States Code, Section 2252A(a)(5)(B), makes it a crime to knowingly possess [access with intent to view] any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed [shipped [transported] using any means or facility of [in or affecting] interstate or foreign commerce, including by computer, or that was produced using materials that have been mailed or so shipped [transported] in or affecting interstate commerce by any means, including by computer].

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly possessed [accessed with the intent to view] an item or items that contains an image of child pornography, as alleged in the indictment;

*Second*: That the material was mailed [shipped [transported] using any means or facility of [in or affecting] interstate or foreign commerce [by any means], including by computer]; and

[*Second*: That the material was produced using materials that had been mailed [shipped [transported] in or affecting interstate or foreign commerce by any means, including by computer]; and]

*Third*: That when the defendant possessed [accessed with the intent to view] the material, the

437

**2.85F**             PATTERN JURY INSTRUCTIONS

defendant knew the material was [contained] child pornography.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the

SUBSTANTIVE OFFENSE INSTRUCTIONS                    2.85F

material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

### Note

*See* Note following Instruction No. 2.85C, 18 U.S.C. § 2252A(a)(1), Sexual Exploitation of Children–Transporting or Shipping of Child Pornography.

For a discussion of "knowing possession" in relation to § 2252A(a)(5)(B), see *United States v. Smith*, 739 F.3d 843, 846–48 (5th Cir. 2014); *United States v. Woerner*, 709 F.3d 527, 535–537 (5th Cir.), *cert. denied*, 134 S. Ct. 146 (2013), and *United States v. Moreland*, 665 F.3d 137, 149–51 (5th Cir. 2011).

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising. 18 U.S.C. § 2256(3).

Videos that have traveled on the Internet have moved in interstate commerce within the meaning of 18 U.S.C. § 2252A(a)(5)(B). *See United States v. Winkler*, 639 F.3d 692, 700–01 (5th Cir. 2011).

"[P]ossession of child pornography is not the lesser-included offense of distribution of child pornography." *Woerner*, 709 F.3d at 539–40.

"Where a defendant has a single envelope or book or magazine containing many images of minors engaging in sexual activity, the government often should charge only a single count." *United States v. Reedy*, 304 F.3d 358, 367 (5th Cir. 2002). When, however, a defendant has images stored in "separate materials," as defined in § 2252A, such as a "computer, book, and a magazine," the government may charge multiple counts for each type of material or media possessed, "as long as the prohibited images were obtained

**2.85F**    PATTERN JURY INSTRUCTIONS

through the result of different transactions." *United States v. Planck*, 493 F.3d 501, 504 (5th Cir. 2007).

The Third, Sixth, Ninth, and Eleventh Circuits have held that the possession of child pornography proscribed by § 2252A(a)(5)(B) is a lesser-included offense of the crime of receiving child pornography contained in § 2252A(a)(2), such that convicting a defendant of possessing and receiving the same image of child pornography constitutes double jeopardy. *See United States v. Ehle*, 640 F.3d 689, 698 (6th Cir. 2011); *United States v. Bobb*, 577 F.3d 1366, 1372–75 (11th Cir. 2009); *United States v. Miller*, 527 F.3d 54, 71–72 (3d Cir. 2008); *United States v. Davenport*, 519 F.3d 940, 944–45 (9th Cir. 2008). The Fifth Circuit, in *Winkler*, recognized in dicta that several of its sister circuits had characterized the possession of child pornography as a lesser-included offense of receipt, but noted that there are certain circumstances in which "possession can be proven but receipt cannot," although the court declined to opine further. 639 F.3d at 696 n.2; *see also United States v. Dobbs*, 629 F.3d 1199, 1206 (10th Cir. 2011) (declining to comment on the difference between knowing possession and knowing receipt); *United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009) (leaving open the question of whether possession of child pornography is a lesser-included offense of receiving such pornography). Where, however, a defendant's convictions are based on two distinct offenses occurring, for example, on different dates or involving different images of child pornography, conviction under both sections of the statute is permissible. *See Bobb*, 577 F.3d at 1375.

Section 2252A(c) and (d) provide affirmative defenses to the above offense.

Use the definitions of "Possession," "Knowingly," "Interstate Commerce," and "Foreign Commerce" in Instruction Nos. 1.31, 1.37, 1.39, and 1.40, respectively.