

SUBSTANTIVE OFFENSE INSTRUCTIONS 2.84

## 2.84

## SEXUAL EXPLOITATION OF CHILDREN—PRODUCING CHILD PORNOGRAPHY
## 18 U.S.C. § 2251(a)

Title 18, United States Code, Section 2251(a), makes it a crime to employ, use, persuade, induce, entice, or coerce any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction or transmitting a live visual depiction of such conduct.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant employed [used] [persuaded] [induced] [enticed] [coerced] a minor to engage in sexually explicit conduct;

*Second*: That the defendant acted with the purpose of producing a visual depiction [transmitting a live visual depiction] of such conduct; and

*Third*: That the visual depiction was actually transported [transmitted] using any means or facility of interstate [foreign] commerce [in or affecting interstate or foreign commerce] or mailed.

[*Third*: That the visual depiction was produced [transmitted] using materials that have been mailed [shipped] [transported] in [affecting] interstate [foreign] commerce by any means, including by computer.]

[*Third*: That the defendant knew [had reason to know] that the visual depiction would be transported [transmitted] using any means or facility of interstate [foreign] commerce [in or affecting interstate or foreign commerce] or mailed.]

413

**2.84**  PATTERN JURY INSTRUCTIONS

[The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.]

The term "minor" means any person under the age of eighteen years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic

SUBSTANTIVE OFFENSE INSTRUCTIONS  **2.84**

means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

### Note

Note that this offense includes a possible *Apprendi* issue due to the "resulting in death" enhancement in subsection (e). *See Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).

Knowledge of the age of the minor victim is not an element of the offense. *See United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999) (citing *United States v. X-Citement Video, Inc.*, 115 S. Ct. 464, 471 n.5–6, 471–72 (1994), and *United States v. U.S. Dist. Ct.*, 858 F.2d 534, 538 (9th Cir. 1988)); *but see United States v. Steen*, 634 F.3d 822, 824 n.4 (5th Cir. 2011) (commenting that the scienter requirement has not been discussed in the context of voyeurs and child pornography production under § 2251(a)).

Section 2251 "does not require that a defendant know the interstate nature of an instrument on which a depiction of child pornography is produced." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). Nor is it required that the individual who exploited the minor be the same person who produced the visual depiction which traveled in interstate commerce. *Id.* at 760–61.

The explanation of "lascivious exhibition" is derived from *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), and has been adopted by the Fifth Circuit. *See Steen*, 634 F.3d at 826; *United States v. Grimes*, 244 F.3d 375, 380 (5th Cir. 2001).

The term "producing" is defined in 18 U.S.C. § 2256(3). For further discussion of the term "production," see *United States v. Dickson*, 632 F.3d 186, 189 (5th Cir. 2011), in which the Fifth Circuit held that images were "produced" when they were copied or downloaded onto hard drives, disks, or compact discs.

"Transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce for the purposes of 18 U.S.C. § 2251." *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002).

"[E]vidence of a defendant's intent to distribute child pornography via interstate commerce is adequate to satisfy the jurisdictional element of § 2251." *Runyan*, 290 F.3d at 243; *see also United States v. Diehl*, 775 F.3d 714 (5th Cir. 2015).

**2.84**                               PATTERN JURY INSTRUCTIONS

A defendant who simply possesses, transports, reproduces, or distributes child pornography does not sexually exploit a minor in violation of 18 U.S.C. § 2251, even though the materials possessed, transported, reproduced, or distributed "involve" such sexual exploitation by the producer. *See United States v. Horn*, 187 F.3d 781 (8th Cir. 1999); *United States v. Kemmish*, 120 F.3d 937, 942 (9th Cir. 1997).

Use the definitions of "Interstate Commerce" and "Foreign Commerce" as defined in Instruction Nos. 1.39 and 1.40, respectively.